IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-216-BO(2)

| | |
|---|---|
| JESSICA NIKITA LAWSON, on behalf of J.N.F., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court for memorandum and recommendation pursuant to 28 U.SC. § 636 regarding Plaintiff's failure to file timely a motion for judgment on the pleadings, the matter having been referred by the Honorable Terrence W. Boyle, United States District Judge, on March 28, 2017. Jessica N. Lawson ("Plaintiff") filed this action on behalf of her minor child, J.N.F., pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for Supplemental Social Security Income ("SSI") benefits for J.N.F.

## STATEMENT OF THE CASE

Plaintiff protectively filed an application for SSI on February 28, 2012, alleging disability beginning April 19, 2008. (R. 15, 85, 160.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 11, 85,

101.) On September 29, 2014, a hearing was held before Administrative Law Judge Wanda L. Wright, who issued an unfavorable ruling on March 19, 2015. (R. 15, 28.) On June 10, 2016, the Appeals Council denied review. (R. 1.)

On August 4, 2016, Plaintiff filed for judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g), and requested that she be permitted to proceed *in forma pauperis* ("IFP") [DE #1]. The court granted Plaintiff's IFP motion on August 25, 2016 [DE #6], and the complaint was docketed the same day [DE # 7]. On December 7, 2016, the court issued a notice informing the parties that the matter would proceed by motions for judgment on the pleadings and outlining the timelines for filing said motions [DE # 19]. The record reflects that a copy of this notice was mailed via United States mail to Plaintiff on December 7, 2016, at the address listed in her complaint and IFP application. On March 22, 2017, the clerk entered a docket note indicating (i) that Plaintiff called the clerk's office and stated she never received the notice regarding motions for judgment on the pleadings, and (ii) that the clerk confirmed Plaintiff's mailing address and re-sent the notice to Plaintiff via United States mail. As of the date of this Memorandum & Recommendation, no further action has been taken by either Plaintiff or Defendant, the time for the filing of Plaintiff's motion for judgment on the pleadings having expired on February 6, 2017.

## DISCUSSION

The instant issue before the court is how to proceed when a pro se plaintiff who has filed for judicial review of the Social Security Administration's denial of disability benefits on behalf of her minor child fails to follow court-ordered deadlines for

prosecution of that claim. Taking into consideration the unique situation posed by applications for Social Security disability benefits for minor children and this court's local rule governing minors as parties, the undersigned recommends that the court order the Plaintiff to show cause as to why she should not be removed from the case and a guardian ad litem appointed to proceed with the minor's claim.

"[N]on-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudon Cty. Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005). The Second, Fifth, and Tenth Circuit Courts of Appeals, however, have carved out a narrow exception to this general rule for non-attorney parents representing their minor children in Social Security disability cases. *See Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (holding that a non-attorney parent who seeks judicial review of the denial of Social Security benefits for her minor child may proceed pro se when the parent has a sufficient interest in the case, the parent meets basic standards of competence outlined in 20 C.F.R. § 416.1505, and the district court has made an "appropriate inquiry into the particular circumstances of the matter at hand"); *Harris v. Apfel*, 209 F.3d 413, 416–17 (5th Cir. 2000) (emphasizing that policy considerations support permitting non-attorney parents to proceed pro se on behalf of their minor children in Social Security disability cases); *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1301 (10th Cir. 2011) (endorsing *Machadio* and *Harris* but noting that competence as described in 20 C.F.R. § 416.1505 is required); *see also Myers*, 418 F.3d at 401 n.7 ("Even if, in the appropriate case, we were to adopt the

holdings of *Machadio* and *Harris*, we, like the Second Circuit, would have no trouble limiting that rule to the unique facts involved in an SSI appeal.").

Local Civil Rule 17.1 governs minors as parties. The rule states in relevant part:

> No civil action to which a minor or incompetent person is a party shall be compromised, settled, discontinued, or dismissed without an Order of Approval entered by the court. . . . Unless otherwise ordered by the court, the Order of Approval shall contain statements as to the following:
>
> (1) that all parties are properly represented and are properly before the court . . .

Local Civil Rule 17.1(b) (E.D.N.C. Dec. 2016). This rule is of a piece with the Fourth Circuit's oft-recited statement that an "infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." *Myers*, 418 F.3d at 399 (quoting *Doe v. Bd. of Educ.*, 165 F.3d 260, 264 (4th Cir. 1998)).

While acknowledging the lack of Fourth Circuit precedent on this issue, the undersigned recommends following that precedent enunciated by the Second, Fifth, and Tenth Circuits which permits a non-attorney parent to proceed pro se on behalf of her minor child in a Social Security disability case. The cases cited above thoroughly analyze the reasons for such a permission, namely, that (1) parents as providers (and likely payees) have a vested interest in the outcome of the case, (2) parents are permitted via Social Security regulations to represent their children at the administrative level, and (3) Social Security cases involve only "the review of

4

an administrative record" and "do not involve the subjective criteria and range of fact-finding" that characterize cases which justify the general rule prohibiting non-attorney parents from proceeding pro se on behalf of their minor children. *Harris*, 209 F.3d at 416; *see also Machadio*, 276 F.3d at 106–07; *Adams ex rel. D.J.W.*, 659 F.3d at 1301. However, noting the Fourth Circuit's admonition that the rights of children should be guarded with "the most jealous care," and Local Civil Rule 17.1's requirement that any judicial order disposing of a case involving a minor party must be accompanied by an order stating that the minor has been properly represented, a non-attorney pro se parent should be held to the standard of competence as described in 20 C.F.R. § 416.1505.

Here, Plaintiff missed a court-ordered deadline to file a necessary motion on behalf of her minor child and in the three months that have elapsed since the deadline passed, has neither attempted to file the motion nor requested an extension of time to do so. This does not necessarily entail that her representation falls below the standard described in 20 C.F.R. § 416.1505. However, it does give cause for concern. Therefore, the undersigned recommends that the court issue an order directing Plaintiff to show cause, if any, why she should not be removed from the case and a guardian ad litem appointed to represent the interests of the minor child in this matter. It is further recommended that the court evaluate whether Plaintiff meets the standard for competent non-attorney representation described in 20 C.F.R. § 416.1505. In the event the court finds either that Plaintiff does not meet the standard described in 20 C.F.R. § 416.1505 or that other reasons exist for Plaintiff's

removal, the undersigned recommends that the court appoint a guardian ad litem to protect the interests of the minor pursuant to Fed. R. Civ. P. 17(c)(2).

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the court issue an order requiring Plaintiff to show cause, if any, why she should not be removed from the case and a guardian ad litem appointed to represent the interests of the minor child in this matter.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **June 5, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's

failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 17th day of May 2017.

                                                           */s/ Kimberly A. Swank*
                                            KIMBERLY A. SWANK
                                            United States Magistrate Judge