IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-216-BO

| | |
|---|---|
| J.N.F., a minor child, by Paul Eaglin, guardian *ad litem*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on February 21, 2018, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Court-appointed[1] guardian *ad litem* Paul Eaglin brings this matter on behalf of J.N.F., a minor, under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying J.N.F.'s claim for Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act. The claimant protectively filed for SSI on February 28, 2012, alleging J.N.F's disability since April 19, 2008. After initial denials, an Administrative Law Judge (ALJ) issued an unfavorable ruling after a video-hearing held on September 29, 2014. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council

---

[1] A guardian was appointed to represent this interests of the minor plaintiff by order entered September 21, 2017, after Jessica Lawson, J.N.F.'s mother, failed to show cause why she should not be removed as plaintiff proceeding on J.N.F.'s behalf in this case. *See* [DE 20, 22, 23].

denied plaintiff's request for review. The claimant then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

A person under the age of 18 will be considered to be disabled under the Social Security Act if that person has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of twelve months or more. 42 U.S.C. § 1382c(a)(3)(C)(i). In assessing a childhood SSI claim, an ALJ engages in a three step sequential evaluation as provided in 20 C.F.R. § 416.924.

J.N.F. was born in 2007 and was a minor when he applied for SSI. At step one, the ALJ determined that J.N.F. had not engaged in substantial gainful activity since his alleged onset date and that his attention deficit hyperactivity disorder (ADHD), borderline intellectual functioning, and history of speech/language delay were severe impairments at step two. The ALJ found at step three that J.N.F. did not have an impairment or combination of impairments which met or medically equaled the severity of one of the listed impairments (Listing). Specifically, the ALJ found that J.N.F.'s ADHD had not resulted in marked limitations in two areas of age-appropriate

functioning as required under Listing 112.11, that J.N.F.'s IQ was above 70 and therefore he did not meet the borderline intellectual functioning Listing, and that his speech delay had not resulted in ineffective verbal communication for his age as required by Listing 111.09. Also at step three, the ALJ determined that J.N.F.'s impairments did not functionally equal a Listing. The ALJ found that J.N.F.'s severe impairments did not result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain, and thus found J.N.F. not to be disabled.

Although the ALJ correctly followed the three-step evaluation process for assessing childhood disability claims, her finding at step three is not supported by substantial evidence. In determining whether a claimant has an impairment or combination of impairments which functionally equals the Listings, an ALJ considers the claimant's functioning in six domains: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. 20 C.F.R. § 416.926a. To functionally equal the Listings, a claimant must be found to have either "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* A limitation is considered "marked" if it is more than moderate but less than extreme, and a limitation is extreme when it is determined to be more than marked. *Id.* The ALJ found that J.N.F. had marked limitations in attending and completing tasks and had less than marked limitations in acquiring and using information, interacting and relating with others, and ability to care for oneself.

Plaintiff contends and the Court agrees that substantial evidence does not support the ALJ's finding that J.N.F. had only marked and not extreme limitations in the domain of attending

and completing tasks. This domain concerns how well a claimant is able to focus and maintain his attention and how well a claimant begins, carries through, and finishes activities, including the pace at which he can perform activities and the ease with which he can change them. 20 C.F.R. § 416.926a. As noted by the ALJ, J.N.F. has ADHD and requires psychiatric medication. J.N.F.'s kindergarten and first grade teachers assessed him as having "serious" problems in focusing long enough to finish an assigned activity, waiting to take turns, and working without distracting himself or others, Tr. 205; 263, and "very serious" problems with completing class/homework assignments, working without distracting self or others, and working at a reasonable pace/finishing on time. Tr. 285. These problems were noted to occur either hourly or daily. J.N.F.'s kindergarten teacher noted that he was disruptive in class and that he had a hard time focusing on his classwork and participating in group activities. Tr. 202. In his first year of first grade, J.N.F.'s teacher noted in a letter to J.N.F.'s mother that J.N.F. "constantly yells out and disturbs the class" that he "does not follow rules or directions" and that this was affecting J.N.F.'s learning. Tr. 237. In his second year of first grade, J.N.F. had to be sent to another classroom for being disruptive within the first six weeks of school. Tr. 261; 263. Thus, while there may be evidence of some improvement from J.N.F.'s medications, *see, e.g.,* Tr. 360, the reports from J.N.F.'s teachers, who interacted with him five days a week during the school year, demonstrate an extreme limitation in this area of functioning.

The ALJ further erred in not finding that J.N.F. had marked limitations in the domain of acquiring and using information. This domain concerns how well a claimant is able to learn or acquire new information. 20 C.F.R. 416.962a(g). J.N.F.'s teacher during his second year of first grade noted that he had serious problems comprehending oral instructions, could not accomplish

4

any tasks independently, and needed step-by-step instructions. Tr. 262. She further noted that J.N.F. struggled with math problems he should have mastered in first grade and that he is "having trouble leaning the process of doing a problem." Tr. 260. J.N.F. has consistently been found to perform below grade level in reading and writing, even after repeating the first grade, Tr. 280; 261, and has been diagnosed with borderline intellectual functioning. Substantial evidence does not support the ALJ's conclusion that J.N.F.'s limitations in this domain were less than marked. For example, the ALJ relied on J.N.F.'s teacher's report that, while he could not perform work independently, J.N.F got extra help through tutoring at least two or three times per week. Tr. 281. That J.N.F. might benefit from tutoring does not suggest that he does not have marked limitations in acquiring information, however. Accordingly, the Court concludes that the substantial evidence in the record supports that J.N.F. had marked limitations in the domain of acquiring and using information.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002,

5

1012 (4th Cir. 1974). Remand, rather than reversal, is required, however, when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for her decision and there is no ambivalence in the record. The record properly supports a finding that J.N.F. suffered from extreme limitations in one domain of functioning and, alternatively, marked limitations in two domains of functioning and therefore that a finding of disabled under 20 C.F.R. § 416.926a(a) was required. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 26] is GRANTED and defendant's motion for judgment on the pleadings [DE 28] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 6 day of March, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6